**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 24-1320**

───────────

GEORGE COLLEY,

Plaintiff - Appellant,

v.

ISS FACILITY SERVICES, INC.,

Defendant - Appellee.

───────────

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Donald C. Coggins, Jr., District Judge.  (7:21-cv-01094-DCC)

───────────

Submitted:  May 22, 2025                                      Decided:  June 24, 2025

───────────

Before WILKINSON and AGEE, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:**  W. Andrew Arnold, LAW OFFICE OF W. ANDREW ARNOLD, P.C., Greenville, South Carolina, for Appellant.  Kevin V. Parsons, Margaret Taviano, LEWIS BRISBOIS BISGAARD & SMITH LLP, Charlotte, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Colley appeals the district court's order adopting as modified the magistrate judge's recommendation and granting summary judgment to ISS Facility Services, Inc., on Colley's claim of retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §§ 2000e to 2000e-17. On appeal, Colley argues that the district court erred by finding he had not established a genuine dispute of material fact as to the causation element of a prima facie case. We affirm.

We review de novo a district court's grant of summary judgment, viewing "the facts in the light most favorable to" the nonmoving party and "drawing all reasonable inferences in his favor." *Dean v. Jones*, 984 F.3d 295, 301 (4th Cir. 2021). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is genuine only where the nonmovant's version is supported by sufficient evidence to permit a reasonable jury to find in [his] favor." *United States v. 8.929 Acres of Land*, 36 F.4th 240, 252 (4th Cir. 2022) (cleaned up).

"Title VII forbids . . . retaliation against an employee for opposing adverse actions that []he reasonably suspects to be unlawful under Title VII." *Strothers v. City of Laurel*, 895 F.3d 317, 326-27 (4th Cir. 2018). To establish a prima facie case of retaliation under the *McDonnell Douglas*[*] framework, a plaintiff must show that "(1) []he engaged in a protected activity, (2) the employer acted adversely against [him], and (3) there was a

---

[*] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

causal connection between the protected activity and the asserted adverse action." *Walton v. Harker*, 33 F.4th 165, 177 (4th Cir. 2022) (internal quotation marks omitted).

We discern no reversible error in the district court's findings. To establish causation, "a plaintiff can either show a temporal proximity between the protected activity and adverse action, or that other relevant evidence indicates continuing retaliatory conduct and animus toward the plaintiff." *Alberti v. Rector & Visitors of the Univ. of Va.*, 65 F.4th 151, 156 (4th Cir. 2023) (internal quotation marks omitted). "[A]bsent other evidence of a causal relationship," the four-month gap between Colley's protected activity and the earliest potential adverse action—his placement on furlough status—was "sufficiently long so as to weaken significantly the inference of causation." *Roberts v. Glenn Indus. Grp.*, 998 F.3d 111, 127 (4th Cir. 2021) (internal quotation marks omitted). And although "courts may look to the intervening period for other evidence of retaliatory animus" to bridge such a temporal gap, *Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007) (internal quotation marks omitted), the intervening allegedly retaliatory conduct on which Colley relies "fails to establish the pattern of retribution required," *Massaro v. Fairfax County*, 95 F.4th 895, 902 (4th Cir. 2024).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*